# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN M. LILLARD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-09-207-FHS-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Karen M. Lillard requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on November 3, 1966, and was forty years old at the time of her initial administrative hearing. She has a seventh grade education (Tr. 30) and has worked as a nurse's aide, a chicken eviscerator, a factory worker, a rock hauler, and a caregiver (Tr. 99, 146). The claimant originally claimed that her onset date was January 23, 1978, but now alleges inability to work since December 14, 2004 (Tr. 241-42) due to back, leg and pelvis pain related to injuries suffered in an automobile accident when she was 12 years old.

**Procedural History**

On December 14, 2004, the claimant applied for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her application was denied. ALJ John Volz conducted a hearing and determined that the claimant was not disabled in a decision dated January 5, 2007. The Appeals Council vacated this decision and remanded the case for further proceedings (Tr. 37-38), and ALJ Richard Kallsnick conducted a second administrative hearing. He again determined once again that claimant was not disabled on June 20, 2008, and this time the Appeals Council

denied review. The June 20, 2008 determination thus represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

It is unclear whether the ALJ made his decision at step four or step five of the sequential evaluation, *i. e.*, the ALJ found at step four that the claimant had the residual functional capacity ("RFC") to perform the full range of light work and that she could return to her past work as a chicken eviscerator or a rock hauler (Tr. 16), but then found at step five that the claimant's ability to perform the full range of light work "has been impeded by additional limitations" but that she was nevertheless not disabled because "there are jobs that exist in significant numbers in the national economy that the claimant can perform[,]" *e. g.*, hand packer, laundry flat presser, assembler, and miscellaneous laborer (Tr. 17). The ALJ did not, however, indicate that the step five findings were intended as an alternative to the step four findings, or specify the "additional limitations" that rendered the claimant unable to perform the full range of light work.

## Review

The claimant contends that the ALJ erred by "picking and choosing" among the medical opinion evidence provided by Dr. Michael Karathanos, M.D. (who conducted a consultative examination of the claimant on July 24, 2007), *i. e.*, the ALJ accepted and discussed the findings by Dr. Karathanos that supported his finding that the claimant was not disabled, while ignoring findings that were not supportive, *e. g.*, that the claimant had certain postural limitations. *See, e. g., Hardman v. Barnhart*, 362 F.3d 676, 681 (10th

Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper."). The Commissioner argues that any such error at step four would be harmless because the ALJ found that the claimant was not disabled at step five even with Dr. Karathanos' postural limitations on the basis of testimony from a vocational expert (the "VE").

Neither of these arguments is entirely persuasive, but the undersigned Magistrate Judge nevertheless finds that the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis because, as discussed above, the ALJ wholly failed to specify the "additional limitations" that rendered the claimant unable to perform the full range of light work. This error was clearly *not* harmless, as there was evidence of "additional limitations" not only from Dr. Karathanos, but also from the claimant herself. According to the VE, there was work the claimant could perform with the postural limitations imposed by Dr. Karathanos (Tr. 248), but there was no work she could perform with the extensive limitations she described in her testimony at the second administrative hearing (Tr. 249). Nor does it matter that the ALJ found the claimant's testimony unbelievable to the extent it was "inconsistent with the residual functional capacity assessment" (Tr. 16), as it is clear that the ALJ was referring here only to the RFC to perform the full range of light work; it remains unclear is whether the "additional

limitations" were only those postural limitations imposed by Dr. Karathanos, or the more extensive limitations described by the claimant herself.

Because it is unclear what limitations rendered the claimant unable to perform the full range of light work, the undersigned Magistrate Judge finds that the Commissioner's decision should be reversed and the case remanded for clarification as discussed above. If there are any modification to the claimant's RFC on remand, the ALJ should then re-determine what work, if any, the claimant can perform and whether she is disabled.

## Conclusion

As set forth above, the undersigned Magistrate Judge hereby PROPOSES that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the undersigned RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 15th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**